IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**FLUOR ENTERPRISES, INC.,**

    **Plaintiff,**

v.                                                  Civil Action No. 3:17cv622

**MITSUBISHI HITACHI POWER
SYSTEMS AMERICAS, INC.,**

    **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff Fluor Enterprises, Inc.'s ("Fluor") Motion to Strike Defendant's Jury Demand ("Motion to Strike") pursuant to Federal Rule of Civil Procedure 12(f). (ECF No. 35.) Defendant Mitsubishi Hitachi Power Systems Americas, Inc. ("Mitsubishi") responded, and Fluor replied. (ECF Nos. 37, 40.) Accordingly, the matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1332.[1] For the reasons that follow, the Court will deny Fluor's Motion to Strike.

---

[1] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332. Fluor is a citizen of California and Texas, Mitsubishi is a citizen of Delaware and Florida, and the Complaint alleges damages exceeding $75,000.

## I. Factual and Procedural Background

The Court offers only a brief recitation of the factual and procedural background and assumes familiarity with its June 15, 2018 Memorandum Opinion. (ECF No. 33.)

### A.     Relevant Factual Background

In February 2012, Mitsubishi entered into a Turbine Supply Agreement (the "TSA") with Virginia Electric and Power Company ("VEPCO") to sell turbine generators–one steam turbine generator and three combustion turbine generators–to VEPCO for use in a power generating facility. Because the facility was located in Brunswick County, Virginia, the project became known as the "Brunswick Project."

Five months later, in July 2012, VEPCO contracted with Fluor for Fluor to construct the Brunswick Project (the "Fluor Contract"). Under the Fluor Contract, Fluor was responsible for many aspects of the Brunswick Project, including "all design, engineering, procurement, construction, installation, start-up[,] and testing work necessary to engineer, procure and construct the Brunswick Project." (Counterclaim ¶ 8, ECF No. 17.) Mitsubishi was not a party to the Fluor Contract. Around the same time VEPCO entered into the Fluor Contract, it assigned the TSA to Fluor through a Partial Assignment, Assumption, and Coordination Agreement ("Partial Assignment Agreement"). (Partial Assignment Agreement 18, ECF No. 1-8.) VEPCO retained the obligation to pay Mitsubishi per the terms of the TSA.

Fluor alleges that Mitsubishi breached the TSA by failing to pay Fluor the liquidated damages to which it is entitled as a result of Mitsubishi's late delivery of components to the project. (Compl. ¶ 33, ECF No. 1.) Mitsubishi brings a defamation claim against Fluor based on statements made by Fluor's CEO, David Seaton, during an August 3, 2017 earnings call with shareholders. (Counterclaim 10-14.) Mitsubishi contends that Mr. Seaton's statements were defamatory of the turbines that it supplied to the Brunswick Project pursuant to the TSA.

2

The Partial Assignment Agreement contains the following provision:

> 9.8 Governing Law; Choice of Forum; Waiver of Jury. This Agreement, and all amendments and modifications hereof, and all documents and instruments executed and delivered pursuant hereto or in connection herewith, shall be governed by and construed and enforced in accordance with the internal laws of the Commonwealth of Virginia, without regard to principles of conflict of laws. All judicial actions or proceedings brought against any Party with respect to this Agreement shall be brought in any state or federal court of competent jurisdiction in the Commonwealth of Virginia provided, however, that if a federal court in the Eastern District of the Commonwealth of Virginia has and accepts jurisdiction over the matter at issue the judicial action or proceeding shall be brought in such federal court, and by its execution and delivery of this Agreement, each Party accepts, generally and unconditionally, the exclusive jurisdiction of the aforesaid state and federal courts. Each Party irrevocably waives any objection (including any objection based upon the grounds of "forum non conveniens") that it now or hereafter may have to the bringing or prosecution of any such action or proceeding with respect to this Agreement or the documents and instruments contemplated hereby in the Commonwealth of Virginia. Each Party hereby irrevocably consents to the service of any and all process in any action or proceeding by mailing a copy of such process to such Party at the address for such Party set forth in Section 9.6 (Notices) of this Agreement. EACH PARTY ACKNOWLEDGES AND AGREES THAT ANY CONTROVERSY THAT MAY ARISE UNDER THIS AGREEMENT IS LIKELY TO INVOLVE COMPLICATED AND DIFFICULT ISSUES, AND THEREFORE EACH PARTY HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVES ANY AND ALL RIGHTS A PARTY MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION RESULTING FROM, ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.

(Partial Assignment Agreement § 9.8, ECF No. 1-8.) (emphasis in original). The TSA includes the following jury trial waiver:

> 21.8.2 Waiver of Trial by Jury. EACH PARTY ACKNOWLEDGES AND AGREES THAT ANY CONTROVERSY THAT MAY ARISE UNDER THIS CONTRACT IS LIKELY TO INVOLVE COMPLICATED AND

3

> DIFFICULT ISSUES, AND THEREFORE EACH PARTY HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVES ANY AND ALL RIGHTS A PARTY MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION RESULTING FROM, ARISING OUT OF OR RELATING TO THIS CONTRACT OR THE TRANSACTIONS CONTEMPLATED HEREBY.

(TSA § 21.8.2, ECF No. 1-1.) The provisions quoted above form the basis for Fluor's argument to strike the jury demand contained in Mitsubishi's Counterclaim.

### B. Procedural Background

On September 13, 2017, Fluor filed its Complaint against Mitsubishi, alleging one claim for breach of contract. (ECF No. 1.) On October 16, 2017, Mitsubishi timely answered, asserting a single counterclaim against Fluor for defamation. (ECF No. 17.) Fluor moved to dismiss Mitsubishi's defamation claim pursuant to Federal Rule of Civil Procedure 12(b)(6). On June 15, 2018, the Court denied Fluor's Motion to Dismiss. (*See* June 15, 2018 Order, ECF No. 34.)

On August 23, 2018, Fluor filed its Motion to Strike, (ECF No. 35), arguing that the Court should strike Mitsubishi's demand for a jury trial because the portions of the Partial Assignment and TSA quoted above operate as a waiver of Mitsubishi's right to a trial by jury on its claims and therefore precludes Mitsubishi from demanding a jury trial in this case.

## II. Applicable Law and Analysis

Fluor moves pursuant to Federal Rule of Civil Procedure 12(f). Rule 12(f) provides that:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The Court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).

Mitsubishi made its demand for a jury trial when it filed its Answer and Affirmative Defenses to Complaint, Counterclaim and Jury Trial Demand ("Counterclaim") on October 16, 2017. (ECF No. 17.) On November 3, 2017, Flour filed a Motion to Dismiss the Counterclaim.[2] On June 1, 2018 Fluor answered Mitsubishi's Counterclaim. (ECF No. 31.) Fluor's filings did not challenge Mitsubishi's demand for a jury. In fact, Fluor did not object to Mitsubishi's jury demand until it filed the instant Motion to Strike on August 23, 2018.

Under Federal Rule of Civil Procedure 12(f), Fluor plainly filed its Motion to Strike on an untimely basis. Fed. R. Civ. P. 12(f). The Federal Rules require that a moving party make a motion to strike matters specified in Rule 12(f) before responding to the pleading at issue if it is one to which a response is allowed. *Id.* Mitsubishi's Counterclaim constitutes a pleading to which a response is permitted within the contemplation of Federal Rule of Civil Procedure 12(f) and one to which Fluor has already responded. *See* Fed. R. Civ. P. 12(a)(1)(B) (stating that "[a] party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim."). Accordingly, the Court will deny the Motion to Strike.

### III. Conclusion

For the foregoing reasons, the Court will deny the Motion to Strike. (ECF No. 35.) An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: 10-12-18
Richmond, Virginia

---

[2] The Court denied Fluor's Motion to Dismiss the Counterclaim on June 15, 2018. (*See* June 15, 2018 Order, ECF No. 34.)

5